UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CHARLES J. JONES,

       Plaintiff,

  v.

ANDREW M. SAUL,

       Defendant.

Case No. 21-cv-553-pp

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 2)**

---

The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying his claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. He also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

Based on the facts in the plaintiff's affidavit, the court concludes that he does not have the ability to pay the filing fee. The plaintiff's request indicates that he is not employed, he is not married, and he has two children (ages 1 and 2) that he is responsible for supporting. Dkt. No. 2 at 1. The only income the plaintiff lists for the last twelve months is $15,800 from stimulus checks for himself and his significant other and unemployment for his significant other.

Id. at 2. He indicates that he receives food share of $784 per month. Id. The plaintiff's expenses total $1,783 ($535 rent, $1,154 other household expenses, $94 car insurance). Id. at 2-3. The plaintiff owns a 2002 Chevy Suburban, worth approximately $1,500; he does not own his home or any other property of value; he has no cash on hand or in a checking or savings account. Id. at 3-4. The plaintiff has demonstrated that he cannot pay the $350 filing fee and $52 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint states that he was denied Social Security benefits due to lack of disability, that he is disabled, and that the conclusions and findings of fact by the Commissioner when denying benefits are not supported by substantial evidence and are contrary to federal laws and regulations. Dkt. No. 1 at 1-2. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's

2

decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

Dated in Milwaukee, Wisconsin this 3rd day of May, 2021.

BY THE COURT:

**HON. PAMELA PEPPER**
**Chief United States District Judge**